# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In Re: Ivan Uribe**

**IVAN URIBE,**

        **Appellant,**

**v.**                                                      **Case No: 6:21-cv-1976-PGB**

**LAURIE WEATHERFORD,**

        **Appellee.**
_____/

## ORDER

This cause comes before the Court on Appellant Ivan Uribe's Amended Motion for Reconsideration (Doc. 16 (the "**Motion**")) of the Court's Order dismissing his bankruptcy appeal (Doc. 14).[1] Upon consideration, the Motion is due to be denied.

On December 10, 2021, the Court granted Appellant's request for a 30-day extension of time to file his Initial Brief, setting the deadline as February 7, 2022. (Doc. 7). Yet Appellant failed to timely file his Initial Brief. Instead, on February 8, 2022, Appellant filed a Motion for Leave to Supplement the Record on Appeal, claiming that the Bankruptcy Court omitted a certain transcript from the rest of

---

[1] Appellant originally filed his Motion for Reconsideration on March 16, 2022. (Doc. 15). He filed the Amended Motion for Reconsideration on March 18, 2022. (Doc. 16). The Court refers exclusively to the more recent filing.

the transmitted record of the underlying proceedings and that he needed that transcript for his Initial Brief. (Doc. 10).

The Court construed this filing as a disguised request for another extension of time to file the Initial Brief and denied it without prejudice. (Doc. 12). In doing so, the Court informed Appellant that he may renew his requests to supplement the record on appeal and for an extension of time to file the Initial Brief in compliance with the following instructions: (1) Appellant must include the written order to the Bankruptcy Court's courtroom reporter for the transcript at issue or, if he failed to order the transcript entirely, or if he failed to order the transcript within the time frame established by FED. R. BANKR. P. 8009(a)(1), then he must explain why he failed to do so; and (2) Appellant must address why the transcript is necessary to prosecute the bankruptcy appeal, when the courtroom reporter finalized the transcript, and when he would complete his Initial Brief. (*Id.* at p. 4).

However, Appellant's renewed Motion for Leave to Supplement the Record on Appeal failed to follow the Court's instructions (Doc. 13), and, therefore, the Court dismissed the bankruptcy appeal on February 16, 2022 (Doc. 14). Appellant now moves the Court to reconsider this decision.

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308

(M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," and it is wholly inappropriate to use a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted); *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1.

Appellant fails to set forth "strongly convincing" reasons for the Court to reopen the bankruptcy appeal. *Id.* He contends that the Court erred by construing his Motion for Leave to Supplement the Record on Appeal as a request for an extension of time to file the Initial Brief. (Doc. 16, pp. pp. 2–3). However, as of February 8, 2022, the bankruptcy appeal was due to be dismissed for lack of prosecution due to Appellant's failure to timely file his Initial Brief. Accordingly, Appellant could not request *any* relief from the Court without *also* requesting additional time to file his Initial Brief.

Moreover, to the extent Appellant attempts to remedy the renewed Motion for Leave to Supplement the Record on Appeal with the instant Motion, it is improper to use a request for reconsideration to "raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe*, 555 F.3d at 957. For example, Appellant generally references a 36-page document,

which he "inadvertently" failed to attach to his renewed Motion for Leave to Supplement the Record on Appeal, that contains the transcript at issue and, purportedly, the date he ordered it. (Doc. 16-1).[2] Moreover, the Motion asserts that Appellant requested the transcript "early on" and that he will file the Initial Brief 30 days from the date the Bankruptcy Court's Clerk of Court dockets the supplemental record on appeal with this Court. (Doc. 16, pp. 2–3). But, notably, even considering this document and these assertions, Appellant still fails to comply with the Court's previous instructions—he still fails to explain why this transcript is necessary to prosecute the bankruptcy appeal.

Accordingly, it is **ORDERED AND ADJUDGED** that Appellant's Amended Motion for Reconsideration (Doc. 16) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 30, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The attachment features: Appellant's Motion for Extension of Time to File the Initial Brief; the Designation of Items to be Included in the Records on Appeal; a portion of the Bankruptcy Court's docket; a transcript from an October 19, 2021 hearing before the Bankruptcy Court, certified on December 10, 2021; and an affidavit by Appellant that he mailed the original Motion for Leave to Supplement the Record on Appeal on February 7, 2022, but the Clerk of Court did not docket it until February 8, 2022, as well as receipts and tracking information related to that package. It is still not clear when Appellant ordered the transcript.